# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

**Jeffrey J. Greenbaum**
**Member**
**Admitted In NJ, NY**
**Direct Dial:  973-643-5430**
**Email:**
**jgreenbaum@sillscummis.com**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

March 5, 2024

**By ECF**

Hon. Zahid N. Quraishi, U.S.D.J.
U. S. District Court of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
Courtroom 4W
402 East State Street
Trenton, NJ 08608

      Re:    *Bristol Myers Squibb Company v. Becerra, et al.*
               **Civil Action No. 23-3335 (ZNQ)(JBD)**

Dear Judge Quraishi:

      Plaintiff Bristol Myers Squibb Co. (BMS) respectfully responds to Defendants' notice of supplemental authority (ECF 100) regarding *AstraZeneca Pharmaceuticals LP v. Becerra*, No. 1:23-cv-931 (D. Del. Mar. 1, 2024).  For the reasons explained below, the *AstraZeneca* decision addressed distinct claims that BMS never raised, and does not bear on the proper disposition of BMS's actual claims.

      The *AstraZeneca* plaintiffs claimed the Drug Price Negotiation Program violates the Due Process Clause by impairing their "ability to sell [their] drugs to Medicare at prices above the ceiling prices … established by the IRA."  (Op. 38.)  The district court rejected that claim because "[n]o one … is entitled to sell the Government drugs at prices the Government won't agree to pay."  (Op. 40.)  The plaintiffs, according to the court, therefore failed to identify "the deprivation of a constitutionally protected property interest," so their Due Process claim "fail[ed] as a matter of law."  (Op. 44.)

      Whatever the merits of those propositions, BMS's claim under the Takings Clause accepts them as given.  BMS does not assert a right *to sell* Eliquis to Medicare at a market price; rather, it

Sills Cummis & Gross
A Professional Corporation

Hon. Zahid N. Quraishi, U.S.D.J.
March 5, 2024
Page 2

asserts a right *not to be compelled to sell* Eliquis to Medicare at the government-dictated price. ECF 80 at 4-5. The property being taken by the Program is Eliquis itself—which everyone concedes is protected by the Takings Clause—not some entitlement to sell it to Medicare on any particular terms. And the *AstraZeneca* court actually confirmed the premise of BMS's Takings Clause claim by acknowledging that the Program compels manufacturers to "make the selected drug available to Medicare beneficiaries" at the government-dictated discounted price. (Op. 9.) "Once a drug is selected for the Program, it remains in the Program for sale to Medicare beneficiaries at the negotiated price." (*Id.*) Those forced sales work uncompensated takings of BMS's property—again, the medicine itself.

The Government points to the *AstraZeneca* court's statement that "participation in Medicare is not involuntary." (Op. 44.) But the court addressed that point only to explain why "AstraZeneca does not have a protected property interest in selling drugs to the Government at prices the Government will not agree to pay." (*Id.*) Again, BMS has never asserted any such property interest. Meanwhile, in the Takings Clause context, the Supreme Court has repeatedly rejected attempts by the Government to justify physical takings as "voluntary" on the ground that a party can avoid the seizure by withdrawing from the relevant market. *See, e.g.*, *Horne v. Depot of Agric.*, 576 U.S. 350, 356, 365-67 (2015). The *AstraZeneca* court did not consider those precedents because no Takings Clause claim was presented in that case. Nor did the court consider the established limits on the Government's ability to "condition" Medicare participation on forfeiture of constitutional rights, because the plaintiffs in that case had not identified any deprivation of constitutional rights in the first place.

Finally, the *AstraZeneca* decision also does not purport to speak to BMS's claim under the First Amendment's compelled speech doctrine.

Respectfully,

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

cc:   All Counsel (via ECF)