# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

**Jeffrey J. Greenbaum**
**Member**
**Admitted In NJ, NY**
**Direct Dial:  973-643-5430**
**Email:**
**jgreenbaum@sillscummis.com**

101 Park Avenue
28ᵗʰ Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

April 15, 2024

**_By ECF_**

Hon. Zahid N. Quraishi, U.S.D.J.
U. S. District Court of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
Courtroom 4W
402 East State Street
Trenton, NJ 08608

> **Re:**   ***Bristol Myers Squibb Company v. Becerra, et al.***
> **Civil Action No. 23-3335 (ZNQ)(JBD)**

Dear Judge Quraishi:

Plaintiff Bristol Myers Squibb Co. (BMS) respectfully submits this notice of supplemental authority regarding the U.S. Supreme Court's decision in *Sheetz v. County of El Dorado* (Apr. 12, 2024) (attached as Exh. A), which supports BMS's arguments about the Takings Clause and the related "unconstitutional conditions" doctrine.

*Sheetz* reiterates the fundamental principle that "[w]hen the government wants to take private property," it "must compensate the owner at fair market value," so as to "save[ ] individual property owners from bearing 'public burdens which, in all fairness and justice, should be borne by the public as a whole.'" Op. 4.  And where the government "interfere[s] with the owner's right to exclude others," that amounts to "a *per se* taking." Op. 4–5.  These "ordinary takings rules" apply fully to "legislatures." Op. 7.  And here, the Inflation Reduction Act interferes with manufacturers' right to exclude others by compelling them to provide Medicare with "access" to their covered drugs at prices well below the drugs' fair market value, on pain of enormous penalties. *See* ECF No. 36-3 at 14–21; ECF No. 80 at 2–8.

*Sheetz* also explains that when the government conditions a benefit on the abandonment of a property right, the Takings Clause requires a "sufficient connection" between that condition and

**Sills Cummis & Gross**
A Professional Corporation

Hon. Zahid N. Quraishi, U.S.D.J.
April 15, 2024
Page 2

the government's legitimate interest in withholding the benefit.  Op. 6.  That framework demands a "nexus" and "rough proportionality" between the condition and the benefit, which ensures that the government is "not leveraging its … monopoly to exact private property without paying for it"—as that would be an "abuse."  *Id.*

Here, by threatening to withhold coverage under both Medicare and Medicaid for all of the manufacturers' products, the Government is plainly "leveraging" its monopsony in the prescription drug market to coerce manufacturers to give up their property.  Holding hostage *all* coverage for *all* of a manufacturer's drugs flouts any concept of "nexus" and "rough proportionality."  As *Sheetz* explains, this "amounts to 'an out-and-out plan of extortion.'"  Op. 6.  *See* ECF No. 36-3 at 37–39; ECF No. 80 at 21–22.

The Government has argued that the nexus and rough proportionality framework (known as the *Nollan-Dolan* test) is limited to land-use conditions.  *Sheetz* shows otherwise.  The Supreme Court explained that *Nollan-Dolan* is "modeled on" and "rooted" in the "unconstitutional conditions doctrine"—*i.e.*, the general rule that the "government 'may not deny a benefit to a person on a basis that infringes his constitutionally protected interests.'"  Op. 6, 9.  That same doctrine has long applied "in other contexts," including "to scrutinize legislation that placed conditions on the right to free speech."  Op. 10 (citing *Agency for Int'l Dev. v. Alliance for Open Soc'y Int'l, Inc.*, 570 U.S. 205 (2013)).  The doctrine thus applies here as well.  If the Program's "access" mandate "would be a compensable taking if imposed" directly, then imposing it as a condition on Medicare coverage requires "application of *Nollan/Dolan* scrutiny."  Op. 1 (Sotomayor, J., concurring).

Respectfully,

*s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM

Enclosure
cc:  All Counsel (via ECF)