

**United States Department of Justice**
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005

---

Alexander V. Sverdlov                          (202) 305-8550
Trial Attorney                                  alexander.v.sverdlov@usdoj.gov

April 18, 2024

Hon. Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

     **Re:** *Bristol Myers Squibb Co. v. Becerra*, **No. 23-cv-3335.**

Dear Judge Quraishi:

     Defendants in the above-captioned cases respectfully submit this response to the notice of supplemental authority filed by Plaintiff Bristol Myers Squibb Co. (BMS). *See* Letter, ECF No. 108.

     The recent Supreme Court case BMS identifies, *Sheetz v. County of El Dorado, California*, addresses the narrow question of whether the so-called "*Nollan/Dolan* test"—which asks whether "permit conditions [] have an 'essential nexus'" and "'rough proportionality'" to the "government's land-use interest'"— "recognizes a distinction between legislative and administrative conditions on land-use permits." 2024 WL 1588707, at *4-5 (U.S. Apr. 12, 2024). The Supreme Court held that it does not. *Id.* *2. As the Supreme Court explained, the test applies to land-use conditions imposed by legislatures no less than to conditions imposed by administrative bodies. *Id.*

     Plaintiffs here ask this Court to go much further, and apply the *Nollan/Dolan* nexus-and-rough-proportionality framework outside the land-use context entirely. *See* Letter, ECF No. 108 at 1-2. But, as Defendants explained in their prior briefs, the Supreme Court has made clear that the *Nollan/Dolan* test is reserved for the "'special application' of . . . land-use permits." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013) (discussing the doctrine); *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005) (noting the "special context of land-use exactions"). Nothing in *Sheetz* suggests that the Supreme Court was overruling that precedent. To the contrary, the Court's observation that the "*Nollan/Dolan* test is rooted" in "the unconstitutional conditions doctrine" highlights that the test reflects a *special* application of that doctrine, not a universal one. *Sheetz*, 2024 WL 1588707, at *6-7. Neither the majority nor any of the concurrences suggest expanding the test beyond its confines.

     Defendants detailed in their prior briefs why the unique aspects of the land-use context, described by the Court in *Koontz*, are absent in this case—making the *Nollan/Dolan* test inapplicable. *See, e.g.*, Defs' Reply Br., ECF No. 84 at 15-16. The Court's discussion in *Sheetz* reiterate how the *Nollan/Dolan* test

addresses the unique and "complicated" features "of the permitting process." *Sheetz*, 2024 WL 1588707, at *4-5. That discussion underscores that extending the test outside the land-use context would be an enormous and unjustified leap.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
CASSANDRA M. SNYDER
CHRISTINE L. COOGLE
  Trial Attorneys
STEPHEN M. PEZZI
  Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8550
Email: alexander.v.sverdlov@usdoj.gov

*Counsel for Defendants*

cc:  All Counsel of Record (via ECF)

2